```
┌─────────────────────────────────────────────────────────┐
│              NOT FOR PUBLICATION WITHOUT THE              │
│           APPROVAL OF THE APPELLATE DIVISION             │
│                                                           │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the  │
│   parties in the case and its use in other cases is limited. R.1:36-3.      │
└─────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0886-15T3

JOHN CURRENCE,

    Plaintiff-Respondent,

v.

OVERLOOK TERRACE URBAN
RENEWAL CORPORATION,

    Defendant-Appellant.

_____

        Submitted March 1, 2017 — Decided August 22, 2017

        Before Judges Simonelli and Gooden Brown.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. DC-5206-15.

        Kiczek & Rachinsky LLC, attorneys for appellant (John J. Rachinsky and Nicole C. Tomlin, of counsel and on the briefs).

        Walter D. Nealy, attorney for respondent.

PER CURIAM

    Defendant Overlook Terrace Urban Renewal Corporation

(Overlook) appeals from a September 11, 2015 Law Division order,

which dismissed its counterclaim against plaintiff John Currence. We reverse and remand for further proceedings.

We derive the following facts from the record. Plaintiff and his wife are tenants in a low-income housing unit owned by defendant. In March 1973, plaintiff and defendant executed a lease that is governed by the New Jersey Housing and Mortgage Finance Agency Act (NJHMFA), N.J.S.A. 55:14K-1 to -93, and the rules and regulations of the New Jersey Housing and Mortgage Financing Agency (Agency), N.J.A.C. 5:80-1.1 to -33.38. The lease required plaintiff to comply with NJHMFA and the Agency's rules and regulations, and failure to do so is deemed a default under the lease.

To remain eligible for the low-income unit, plaintiff had to recertify family income. N.J.A.C. 5:80-20.5(a). To recertify, the lease required that plaintiff "upon request of the [l]andlord, supply [l]andlord with such verification of annual income as may be required by [l]andlord and the Agency, breach of which obligation shall be deemed a default hereunder." The lease provides that failure to commence recertification within five days and "prosecute such recertification to completion with the utmost diligence to the satisfaction of the [l]andlord" is deemed a default under the lease.

A-0886-15T3

Plaintiff also had to comply with N.J.A.C. 5:80-20.3(a), which provides as follows:

> Each family applying for admission to or occupying an income-restricted unit within a housing project shall provide information and documentation which verifies, to the satisfaction of the Agency, gross aggregate family income. The documentation which the Agency shall require families to submit to housing sponsors may include but is not necessarily limited to:
>
> 1. A copy of the first page of their most recent Federal income tax return, or a signed certification stating that no tax return was filed;
>
> 2. Permission for the Agency and Housing Sponsor to contact the Internal Revenue Service [IRS] for additional information which is necessary to verify gross aggregate family income and/or copies of the first page of a family's income tax returns;
>
> 3. Verification of employment;
>
> 4. Check stubs from employers, pensions, annuities, social security, unemployment, public assistance and workers' compensation;
>
> 5. A copy of any court order for alimony and/or child support;
>
> 6. Confirmation of income from assets (for example, bank statements).

A landlord must notify the family "in writing not more than 100 days and not less than 91 days prior to expiration of a family's lease, that they must recertify family income." N.J.A.C. 5:80-20.5(c). N.J.A.C. 5:80-20.6 provides that a family who fails

to recertify after receiving notification "<u>shall</u> be subject to imposition of surcharges pursuant to <u>N.J.A.C.</u> 5:80-20.8," or eviction pursuant to <u>N.J.A.C.</u> 5:80-20.9. (Emphasis added). <u>N.J.A.C.</u> 5:80-20.8(b) provides that families subject to a surcharge for failing to complete the recertification process "<u>shall</u> be surcharged with the maximum outlined in [<u>N.J.A.C.</u> 5:80-20.8(c).]" (Emphasis added). <u>N.J.A.C.</u> 5:80-20.8(c) provides that the maximum surcharge rate is thirty percent of the base unit rent.

Plaintiff's lease was up for renewal in March 2014. On January 15, 2014, defendant sent plaintiff a notice requiring him to recertify family income and provide copies of twelve specific items within thirty days, including: driver's license or proper I.D. and Social Security card for all occupants; most recent PSE&G bill; W-2 form; three consecutive pay stubs; current checking and savings account bank statement; and IRS Form 1099. The notice also required plaintiff to contact defendant if he owned a business and/or other assets.[1] Plaintiff did not comply. On February 18, 2014, defendant sent plaintiff a second notice, which was identical to the first notice.

---

[1] Plaintiff does not dispute that he received the notice required by <u>N.J.A.C.</u> 5:80-20.5(c).

Plaintiff did not comply with the second notice. As a result, on March 18, 2014, defendant sent plaintiff a final notice requiring him to provide copies of the requested documents within five days, and advising him that failure to comply by March 23, 2014, would result in imposition of a thirty percent surcharge as of April 1, 2014. All three notices advised plaintiff to "bring all documents together at once [landlord] will not accept your documents if the same are not complete."

Plaintiff's monthly base rent was $1538. On March 27, 2014, defendant sent plaintiff a notice that he failed to complete the recertification process and his rent would increase by a thirty percent surcharge of $458, effective March 27, 2014, for total rent of $1986 per month. Plaintiff admitted that defendant was entitled to a surcharge if it did not receive the requested documents, and he paid the surcharge assessed for April, May, and June 2014. He never argued, as he improperly does for the first time on appeal, that there was no evidence the Agency approved the surcharges.

Plaintiff claimed that on June 27, 2014, he delivered copies of his and his wife's driver's licenses, Social Security cards, bank statements, and IRS Form 1099 to Nelandy Quinones, a full-time recertification clerk in defendant's management office, but

admitted he submitted a new bank account statement after June 2014. There was no evidence he submitted a W-2 form or paystubs.

Quinones testified that prior to November 2014, plaintiff never personally delivered to her the documents required for his recertification. She also testified that in her capacity as recertification clerk, she never had all of the necessary documents for plaintiff's recertification prior to November 2014.

Defendant's property manager, Laura Swift, testified that by June 2014, plaintiff had only provided the IRS Form 1099 and his and his wife's driver's licenses, which were expired. Swift testified that although plaintiff provided copies of the Social Security cards and driver's licenses for past recertifications, the Agency required new copies for every recertification. She also testified that the expired driver's licenses were not valid forms of identification, and plaintiff did not submit his current bank statements, W-2 form, or information that he no longer had the business he had listed in a prior recertification.

Swift testified plaintiff was not assessed any surcharge after November 2014 because he finally submitted all the documents required to complete his recertification. She also testified that plaintiff owed a surcharge of $458 for July, August, September, October, and November 2014, but calculated the amount owed as

$3017. It is unclear from the record whether this amount also included late charges.

On October 9, 2014, defendant sent plaintiff a notice requiring him to provide copies of the twelve specific items listed in the prior notices within five days. The notice also advised plaintiff that failure to comply by October 16, 2014 would result in a continued imposition of the thirty percent surcharge.

Plaintiff paid his base rent, but did not pay the surcharges for July, August, September, October, and November 2014. In December 2014, defendant filed a complaint against plaintiff, seeking possession for non-payment of rent. On March 30, 2015, defendant voluntarily dismissed the complaint without prejudice pursuant to Rule 4:37. Thereafter, plaintiff instituted the present action against defendant, alleging malicious prosecution. Defendant counterclaimed for $3017 for the unpaid surcharges for July, August, September, October, and November 2014.

The trial judge found no cause of action as to the counterclaim and dismissed it with prejudice.[2] In a brief oral opinion, the judge found there was no evidence the Agency required a surcharge, and the lease contained no provision that failure to

[2] The judge also found no cause of action as to the complaint and dismissed it with prejudice. Plaintiff does not challenge the dismissal.

pay a surcharge constituted a breach. The judge also found that defendant only provided proof of two surcharges of $458 each, which did not equal $3017. On appeal, defendant argues that the record did not support the judge's findings.

Our review of a trial court's fact-finding in a non-jury case is limited. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Ibid. (citation omitted). We "should not disturb the factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (citations omitted). However, we owe no deference to a trial court's interpretation of the law, and review issues of law de novo. State v. Parker, 212 N.J. 269, 278 (2012); Mountain Hill, L.L.C. v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008), certif. denied, 199 N.J. 129 (2009). "[F]or mixed questions of law and fact, we give deference under [Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 483-84 (1974)] to the supported findings of the trial court, but review de novo the lower court's application of any legal

rules to such factual findings." State v. Harris, 181 N.J. 391, 416 (2004) (Citation omitted).

The Agency's rules and regulations govern the lease, and the lease required plaintiff to comply with them. Plaintiff failed to comply with the Agency's regulations regarding recertification of his family's income and was assessed surcharges. Contrary to the judge's finding, the Agency's regulations require the imposition of a thirty percent surcharge for a family who fails to recertify after receiving notification. See N.J.A.C. 5:80-20.6; N.J.A.C. 5:80-20.8(b) and (c). Plaintiff did not dispute this mandatory surcharge requirement and, in fact, paid surcharges for failing to recertify in April, May, and June 2014. The record does not support his claim that he submitted all required documents by June 24, 2014. Rather, the record confirms he did not submit valid driver's licenses, all current bank statements, W-2 forms, or information that he no longer owned the business he had listed in a prior recertification until November 2014. Plaintiff did not complete the recertification process until after November 2014, and thus, was properly assessed surcharges for July, August, September, October, and November 2014.

Also contrary to the judge's finding, the failure to pay a surcharge constituted a breach of the lease. The lease required plaintiff to pay base rent "plus any and all surcharges made

. . . pursuant to the Law[.]" Surcharges are deemed to be additional rent under the lease, and the lease required plaintiff to "pay the rent and any and all additional rent in equal monthly installments[.]" Plaintiff failed to pay the surcharges, and thus, breached the lease.

Lastly, the judge found, incorrectly, that defendant only provided proof of two surcharges. Swift testified that plaintiff owed surcharges for July, August, September, October, and November 2014, but incorrectly calculated $3017 as the amount due. On remand, the trial court must ascertain the correct amount owed, and enter judgment in defendant's favor in that amount.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0886-15T3